IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JIM SCOTT CARTER<br>and KARA MIA CARTER | § § § | |
| VS. | § § | CIVIL ACTION NO. G-05-662 |
| GLADYS KRUEGER, ET AL. | § § | |

**<u>OPINION AND ORDER</u>**

On December 6, 2005, Plaintiffs Jim Scott Carter and Kara Mia Carter filed this suit for damages and injunctive relief against Gladys Krueger[1], a revenue agent of the Internal Revenue Service, for several summonses she issued in an effort to perform a tax audit of the Carters and their pawn shop business. The Carters claim the subpoenas were illegally issued and, further, that they are " of the class of non-resident alien individuals who (have) chosen not to incur a tax liability." The United States, as the real party in interest, has moved to dismiss the Carters' complaint for insufficient service since service was not perfected as required by Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure. Having reviewed the Government's Motion, the Carters' response and the entirety of the Court's file the Court now issues this Opinion and Order.

Because the Carters have sued Krueger for acts taken by her in the performance of her job duties as an I.R.S. Agent, the United States is the real party in interest. <u>Weaver v. United States</u>,

---

[1] Kenneth Hanson was originally named as a Defendant, but according to Plaintiffs " Hanson has been dropped from the case" because he was never served with process.

98 F.3d 518, 520 (10th Cir. 1996)    It is, therefore, **ORDERED** that the **United States** is **SUBSTITUTED** for Krueger as the party Defendant in this action.

When a cause of action is filed against the United States, Rule 4(i) prescribes the proper method of service.  The Carters, however, opted to serve only Krueger herself.  This was inappropriate and wholly insufficient to perfect service upon the United States.  Absent proper service, the Court lacks personal jurisdiction over the United States, Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980), and the Carters' complaint must be dismissed for lack of service within 120 days of the filing of the lawsuit.  See Rule 4(m) Fed.R.Civ.P.

Since it is clear from the pleadings that the United States would, even if properly served, be immune from suit, it is **ORDERED** that the Defendant's Motion to Dismiss (Instrument no. 8) is **GRANTED** and this action is **DISMISSED in its entirety, with prejudice**.

**DONE** at Galveston, Texas, this 21st day of August, 2006.

_____
Samuel B. Kent
United States District Judge